**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CINDY HUNG, deceased; LI CHING CHU, individually and as successor in interest to Cindy K. Hung; ROBERT CHING LIANG HUNG, individually and as successors to Cindy Hung, deceased,

Plaintiffs-Appellants,

v.

TRIBAL TECHNOLOGIES; GLENBOROUGH 400 ECR, LLC, a California limited liability company,

Defendants-Appellees.

No. 14-17432

D.C. No. 3:11-cv-04990-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted March 13, 2017[**]
San Francisco, California

Before: WALLACE, McKEOWN, and BYBEE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs appeal from the district court's judgement entered under Federal Rule of Civil Procedure 54(b) in favor of Defendant Glenborough 400 ECR, LLC. We review the district court's conclusion that Plaintiffs' claims against Glenborough are barred by the doctrine of res judicata *de novo*, *see Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), and now affirm.

"[I]n this diversity case where only substantive state law is at issue we apply the preclusion law that the [state court which issued the first judgment] would apply." *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 884 (9th Cir. 2007). Because the first judgment in favor of Glenborough was issued by a California court, we apply California preclusion law. That law requires three elements to be met for preclusion to apply:

> (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

*People v. Barragan*, 83 P.3d 480, 492 (Cal. 2004) (citation omitted).

All three elements are satisfied here. First, the claims Plaintiffs raised against Glenborough in the prior California action are identical to the claims they brought in this case. Second, the California Superior Court entered a final

judgment on the merits against Plaintiffs, and that judgment was affirmed by the California Court of Appeal. Third, the same Plaintiffs brought both actions.[1]

**AFFIRMED.**

---

[1] Plaintiffs' motion to take judicial notice of certain documents is denied.